### SWOBE v. BRICTSON MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1922.)

No. 5940.

1. **Corporations ⬅79—Demand for issuance of stock earned as commission on sale held prerequisite to action therefor.**

   Where a contract for the sale of 5,000 shares of preferred stock of a corporation provided the seller should be given common stock as fast as the accumulation of 5 per cent. on the sales made by him amounted to one share, unless he should prefer it to accumulate and to receive his shares or certificates in larger blocks, a declaration to recover the stock earned by the agent, which did not allege a demand for the issuance of the stock, was demurrable, since the obligation to act first in reference to the issuance of the certificates was on him.

2. **Corporations ⬅94—Party entitled to stock is stockholder, notwithstanding failure to issue certificates.**

   A party who has become entitled to certificates of stock in a corporation by having paid for them by performing services was stockholder in the corporation, with complete power to transfer his stock, to receive dividends, and to vote, and with liability as a stockholder, though the certificates, which are only written evidence of ownership, were not issued to him.

---

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by Edwin T. Swobe against the Brictson Manufacturing Company. Judgment for defendant, after demurrer to the complaint had been sustained and plaintiff had declined to plead further, and plaintiff brings error. Affirmed.

William H. Herdman, of Omaha, Neb. (John A. McKenzie, of Omaha, Neb., on the brief), for plaintiff in error.

W. M. Giller, of Omaha, Neb. (M. E. Culhane, of Brookings, S. D., and Weaver & Giller, of Omaha, Neb., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

TRIEBER, District Judge. This is a writ of error to review a judgment entered after a demurrer to the complaint had been sustained and the plaintiff had declined to plead further. The material allegations in the complaint, so far as necessary to determine the issues involved, are: That the defendant in error (herein referred to as the defendant, and the plaintiff in error as the plaintiff) is a corporation with an authorized capital of $5,000,000, divided into shares of $100 each, $1,000,000 to be issued as preferred stock. The stock was to be issued to form a corporation for the purpose of taking over the factory and business theretofore owned and conducted by Ole A. Brictson. The $4,000,000 common stock was to be turned over to Brictson in payment for his business. That on January 15, 1917, the defendant entered into a written contract with the plaintiff, by the terms of which the plaintiff was appointed as the exclusive agent for the sale of $500,000 of its preferred stock, to be sold at par, and that for his services he was to be paid 10 per cent. of the stock sold by him, one-half thereof in cash, as the money for the sale of the stock was paid to the defendant, and the remaining half in the common stock of plaintiff as fast as accumulation of said stock, 5 per cent., amounts to the sum of $100, unless the plaintiff shall prefer same to accumulate and receive his shares or certificates in larger blocks. That the company shall furnish all literature, letter heads, and envelopes, and postage not to exceed an average of $25 per month, and furnish suitable offices at a cost not to exceed $50 per month. That when $100,000 in cash has been paid into the treasury of the company over and above all commissions by reason of sales of the preferred stock made by him, the company will move its factory and business to Omaha, Neb., provided the sum of $100,000 from the sale of the preferred stock has been paid into defendant's treasury on or before April 20, 1917.

It was further alleged that, pursuant to said contract, plaintiff sold 2,808 shares of the preferred stock for cash and 530 shares on the installment plan, which has long since been paid up; that defendant failed to supply plaintiff with copies of its articles of incorporation and financial statement for many months, and refused to pay the allowances for postage and office rent, thereby delaying him in making sales; that the cash proceeds paid into defendant's treasury from the sale of stocks

made by plaintiff amount to upwards of $257,000; that the commissions of plaintiff for sales of preferred stock amount to $33,380, one-half of which has been paid to him in cash; but the other half, amounting to $16,690, for which he was to receive common stock of defendant's corporation, has never been paid to him, for which sum, with interest, he prays judgment. The compensation in common stock under the contract, and that is all plaintiff seeks to recover by this action, was to be paid as fast as accumulation of said 5 per cent. amounted to the sum of $100, or one share, "unless said Swobe shall prefer same to accumulate and receive his shares or certificates in larger blocks."

[1] There is no allegation that plaintiff ever demanded any certificates of stock and was refused by the defendant. We agree with the learned trial judge that "the obligation to act first in reference to the issuing of the stock certificates was upon Swobe." To have issued a certificate for one share every time 20 shares were sold would have necessitated the issuance of 2,500 certificates, if the plaintiff had sold the entire issue of $500,000 as provided in the contract, which the plaintiff would not likely have desired and did not request.

[2] Aside from this, plaintiff, when entitled to the certificates of stock by reason of having paid for it by services performed, was a stockholder of the corporation; the certificates being only written evidence of ownership, and not necessary to complete ownership thereof. He has complete power to transfer his stock, to receive dividends, to vote, and is liable as a stockholder. Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 12, 13, 20 Sup. Ct. 559, 44 L. Ed. 647; Shaw v. Goebel Brewing Co., 202 Fed. 408, 120 C. C. A. 470, 45 L. R. A. (N. S.) 1090; Thompson on Corp. (2d Ed.) § 3507; 1 Cook on Corporations (7th Ed.) pp. 64 to 67, 511 to 513.

We are of the opinion that the judgment is right, and should be and is affirmed.